UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL E. TIMBERLAKE,<br><br>            Petitioner,<br><br>     v.<br><br>KELLY SANTORO, Warden,<br><br>            Respondent. | No.  1:23-cv-00118-ADA-SKO (HC)<br><br>**FINDINGS AND RECOMMENDATION TO GRANT MOTION TO DISMISS, DENY MOTION FOR <u>RHINES</u> STAY, AND GRANT MOTION FOR <u>KELLY</u> STAY**<br><br>**[Docs. 11, 12]**<br><br>**[21-DAY OBJECTION DEADLINE]** |

    Petitioner is a state prisoner proceeding *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  He is represented in this action by Fay Arfa, Esq. Pending before the Court is Respondent's motion to dismiss the petition, and Petitioner's motion to stay the proceedings in this action under <u>Rhines v. Weber</u>, 544 U.S. 269, 277 (2005), or alternatively, <u>Kelly v. Small</u>, 315 F.3d 1063 (9th Cir. 2002).  For reasons that follow, the Court will recommend that Respondent's motion to dismiss for failure to exhaust state remedies be GRANTED, Petitioner's motion for stay pursuant to <u>Rhines</u> be DENIED, and Petitioner's motion for stay pursuant to <u>Kelly</u> be GRANTED.

**I.     BACKGROUND**

    On February 19, 2016, a Kern County jury found Petitioner guilty of second degree murder (Cal. Penal Code, § 187(a); count 1).  <u>People v. Timberlake</u>, 2018 WL 4002008 (Cal. Ct.

1

1    App. 2018).  It also found him guilty of being a felon in possession of a firearm (Cal. Penal Code

2    § 29800(a)(1); count 2); carrying a loaded firearm as an active street gang member (Cal. Penal

3    Code § 25850(c)(3); count 3); and being an active member of a criminal street gang (Cal. Penal

4    Code § 186.22(a); count 4).  Id.  The jury further found true that count 2 was committed for the

5    benefit of or in association with a criminal street gang (Cal. Penal Code § 186.22(b)(1)); and

6    found true, as to all counts, personal firearm use enhancements (Cal. Penal Code §§ 12022.5(a);

7    12022.53(d)).  Id.  In a bifurcated proceeding, the trial court found Petitioner had suffered two

8    prior strike convictions (Cal. Penal Code § 667(c)-(j)), two prior serious felony convictions (Cal.

9    Penal Code § 667(a)(1)), and served two prior prison terms (Cal. Penal Code § 667.5(b)).  Id.  On

10   March 30, 2016, the court sentenced him to an aggregate prison term of 65 years-to-life.  Id.

11           Petitioner appealed to the California Court of Appeal, Fifth Appellate District ("Fifth

12   DCA").  In addition, on September 13, 2017, he filed a habeas petition in the Fifth DCA. (Doc.

13   14-2.)  On November 9, 2017, the Fifth DCA denied the habeas petition.  (Doc. 14-3.)  On

14   August 22, 2018, the Fifth DCA affirmed the judgment but remanded the matter for resentencing.

15   Id.  Petitioner filed a petition for review in the California Supreme Court, and the petition was

16   denied on October 31, 2018.  (Doc. 10-4 at 1.)

17           On January 18, 2019, Petitioner filed a petition for writ of habeas corpus in the Kern

18   County Superior Court. (Doc. 14-4.)  On May 30, 2019, the superior court denied the petition.

19   (Doc. 14-5.)  On June 19, 2019, Petitioner filed a habeas petition in the Fifth DCA. (Doc. 14-6.)

20   On June 27, 2019, the petition was denied without prejudice for failure to declare the claims to be

21   true under penalty of perjury.  (Doc. 14-7.)  On July 29, 2019, Petitioner filed a habeas petition in

22   the California Supreme Court.  (Doc. 14-8.)  On October 30, 2019, the petition was summarily

23   denied.  (Doc. 14-9.)

24           On January 6, 2020, Petitioner filed his initial federal petition for writ of habeas corpus in

25   this Court.  See Timberlake v. Santoro, Case No. 1:20-cv-00013-DAD-SKO. Respondent filed an

26   answer on April 9, 2020. Id., (Doc. 15.)  On June 18, 2020, Petitioner filed a traverse. Id., (Doc.

27   18.) Petitioner retained counsel, and on August 4, 2020, Petitioner's attorney, Fay Arfa, Esq.,

28   filed a notice of appearance.  Id., (Doc. 21.) Counsel discovered that the trial court had not

1   resentenced Petitioner in accordance with the appellate court's August 22, 2018, order. Id., (Doc.
2   24 at 3.) Counsel notified the superior court, and the superior court appointed an attorney to
3   represent Petitioner in his resentencing. Id., (Doc. 24 at 3.) On November 18, 2020, the superior
4   court resentenced Petitioner and ordered the previously imposed sentence to remain in effect. Id.,
5   (Doc. 10-5 at 1-2.) Petitioner appealed to the Fifth DCA, and on January 6, 2022, the Fifth DCA
6   affirmed judgment. Id., (Doc. 10-6 at 1-5.) Petitioner did not file a petition for review in the
7   California Supreme Court.

8       On January 26, 2023, Petitioner filed a petition for writ of habeas corpus in this Court.
9   (Doc. 1.) On March 28, 2023, Respondent filed a motion to dismiss the petition as unexhausted.
10  (Doc. 11.) On April 13, 2023, Petitioner filed a motion for stay of proceeding pursuant to Rhines
11  v. Weber, 544 U.S. 269, 277 (2005) or Kelly v. Small, 315 F.3d 1063 (9th Cir. 2002). (Doc. 12.)
12  On April 27, 2023, Respondent filed a reply to Petitioner's opposition. (Doc. 13.)

13  **II.    DISCUSSION**

14      A.    Exhaustion

15      A petitioner who is in state custody and wishes to collaterally challenge his conviction by
16  a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1).
17  The exhaustion doctrine is based on comity to the state court and gives the state court the initial
18  opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501
19  U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982). A petitioner can satisfy the
20  exhaustion requirement by providing the highest state court with a full and fair opportunity to
21  consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365
22  (1995).

23      Respondent contends and Petitioner concedes that Grounds One, Two, Three and Four of
24  the petition are unexhausted because they have not been presented to the California Supreme
25  Court. Therefore, the petition is a mixed petition containing unexhausted claims. 28 U.S.C. §
26  2254(b)(1).

27      B.    Motion for Stay

28      In his opposition, Petitioner requests that the petition be stayed and held in abeyance

pursuant to Rhines v. Weber, 544 U.S. 269 (2005), or alternatively, Kelly v. Small, 315 F.3d 1063 (9th Cir. 2002). Respondent contends Petitioner has failed to demonstrate he is entitled to a stay under Rhines, but Respondent does not oppose a stay under Kelly.

### 1. Rhines v. Weber

A district court has discretion to stay a mixed petition and allow a petitioner to return to state court to exhaust state remedies. Rhines, 544 U.S. at 277. However, the Supreme Court has held that this discretion is circumscribed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Id. In light of AEDPA's objectives, "stay and abeyance [is] available only in limited circumstances." Id. at 277. The Court held a stay is appropriate only when (1) good cause exists for petitioner's failure to exhaust; (2) petitioner's unexhausted claims are not "plainly meritless" and (3) there is no indication that petitioner engaged in "abusive litigation tactics or intentional delay." Id. at 277-278; Robbins v. Carey, 481 F.3d 1143, 1149 (9th Cir. 2005). When a petitioner has met these requirements, his interest in obtaining federal review of his claims outweighs the competing interests in finality and speedy resolution of federal petitions. Rhines, 544 U.S. at 278.

Petitioner claims good cause exists for his failure to exhaust because his claims concern California's STEP Forward Act of 2021, Assembly Bill 333 ("AB333") (Cal. Stats. 2021, ch. 699, § 3), which, in part, amended Cal. Penal Code § 186.22 to impose new substantive and procedural requirements for gang enhancements. Petitioner states that his direct appeal was pending in the California Court of Appeals when the amendment became effective, and that his appellate court habeas petition based on the amendment is still pending.

Respondent contends that Grounds Three and Four do not rely on the amendment of Cal. Penal Code § 186.22, and the amendment cannot constitute good cause for those two claims. Respondent is correct. In Ground Three, Petitioner alleges that the gang enhancements should be reevaluated and reversed in light of People v. Valencia, 11 Cal.5th 818 (2021). In Ground Four, Petitioner contends that the trial court prejudicially erred in admitting irrelevant and inflammatory gang videos and lyrics. Both claims do not rely on the amendment to § 186.22. Therefore, the amendment does not provide good cause for those claims.

As to Grounds One and Two, Respondent contends that the amendment of § 186.22 cannot be the basis for good cause because it became effective on January 1, 2022, which was five days before the California Court of Appeals rendered its decision and forty-five days before Petitioner's conviction became final. The Court agrees. The claims could have been presented via habeas petition prior to his direct appeal becoming final. As previously noted, Petitioner had retained Counsel as of August 4, 2020. See Timberlake, Case No. 1:20-cv-00013-DAD-SKO (Doc. 21). Nevertheless, Counsel for Petitioner delayed seeking relief based on the amendment for over one year to January 24, 2023, in the California Court of Appeals, and January 26, 2023, in this Court. Petitioner provides no reason for this delay.

Petitioner also contends that good cause exists for the delay because it took time for Petitioner's family to gather funds and hire counsel, and additional time for counsel to obtain records and review them to discover Petitioner's claims. Petitioner also claims that the unexhausted issues involve ineffective assistance of trial and appellate counsel, and such claims are normally brought in collateral attacks on the conviction. Petitioner retained counsel in August of 2020—fifteen months before the amendment to Cal. Penal Code § 186.22, nine months before People v. Valencia was decided, and sixteen months before Petitioner's conviction became final. Counsel, without explanation, delayed filing a challenge based on the amendment to § 186.22 for over one year after the amendment became effective (Grounds One and Two). Counsel also delayed seventeen months after Valencia was decided before raising the Valencia-based claim (Ground Three). Finally, counsel delayed twenty-seven months after being retained to raise the due process claim concerning inflammatory gang videos and lyrics (Ground Four), despite the factual predicate for the claim being available since trial. Petitioner fails to establish good cause for these lengthy delays and also fails to show that he did not engage in intentional delay. Regarding the contention that Counsel required additional time to obtain the record, the Court finds it unpersuasive since it appears the record was readily available in August of 2020 in Petitioner's previous case when Counsel was retained. See Timberlake, Case No. 20-cv-00013.

For the foregoing reasons, the Court does not find good cause for a stay of the proceedings. Therefore, the Court will recommend that the motion for a Rhines stay be denied.

2. Kelly v. Small

A petition may also be stayed pursuant to the procedure set forth by the Ninth Circuit in Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003). Under this three-step procedure: 1) the petitioner files an amended petition deleting the unexhausted claims; 2) the district court stays and holds in abeyance the fully exhausted petition; and 3) the petitioner later amends the petition to include the newly exhausted claims. See King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009). A Kelly stay does not require a finding of good cause. Id. at 1140.

Petitioner submits that in the event a Rhines stay is denied, a Kelly stay is requested. Respondent does not oppose the granting of a Kelly stay. Therefore, the Court will recommend that a Kelly stay be granted; Petitioner be directed to amend the petition to present only exhausted claims; the Court hold the exhausted petition in abeyance, and Petitioner be directed to promptly notify the Court and file an amended petition including the newly exhausted claims once exhaustion is complete.

**III.     RECOMMENDATION**

For the foregoing reasons, the Court RECOMMENDS that Respondent's motion to dismiss be granted; the motion for Rhines stay be denied; the motion for Kelly stay be granted; Petitioner be directed to amend the petition deleting the unexhausted claims; and the amended petition be held in abeyance pending exhaustion of the deleted claims.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty-one (21) days after being served with a copy of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the Objections shall be served and filed within fourteen (14) court days (plus three days if served by mail) after service of the Objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court.

Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:  **May 9, 2023**                              /s/ *Sheila K. Oberto*
                                                                    UNITED STATES MAGISTRATE JUDGE