UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL E. TIMBERLAKE, | No. 1:23-cv-00118-KES-SKO (HC) |
| Petitioner, | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS |
| v. | (ECF Nos. 11, 12, 15) |
| LUIS MARTINEZ, | |
| Respondent. | |

Petitioner Paul Timberlake is a state prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He is represented in this action by Fay Arfa, Esq. This matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On March 28, 2023, Respondent Luis Martinez filed a motion to dismiss the petition for failure to exhaust grounds one through four, out of five, of his mixed petition. Doc. 11. On April 13, 2023, Petitioner filed an opposition and requested a stay and abeyance of the proceedings pursuant to *Rhines v. Weber*, 544 U.S. 269, 277 (2005), or *Kelly v. Small*, 315 F.3d 1063, 1069–71 (9th Cir. 2002). Doc. 12. On April 27, 2023, Respondent replied and opposed a *Rhines* stay but not a *Kelly* stay. Doc. 13.

On May 9, 2023, the assigned magistrate judge issued findings and recommendations to grant the motion to dismiss for failure to exhaust, grant Petitioner's motion for stay pursuant to

1

*Kelly*, and deny Petitioner's motion to stay pursuant to *Rhines*. Doc. 15. The findings and recommendations were served upon all parties and contained notice that any objections thereto were to be filed within twenty-one (21) days after service. No objections have been filed, and the deadline to do so has expired.

In accordance with the provisions of 28 U.S.C. § 636 (b)(1), the Court has conducted a de novo review of the case. Having carefully reviewed the entire file, the Court concludes the findings and recommendations are supported by the record and proper analysis.

In addition, the Court declines to issue a certificate of appealability. A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's dispositive order concerning his petition, and an appeal is allowed in only certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-336 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a)   In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b)   There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)   (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
>> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>>
>> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court issues a dispositive order concerning a petitioner's petition, the court may issue a certificate of appealability only when a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a substantial showing, the petitioner must

establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).

In the present case, the Court finds that Petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability. Thus, the Court declines to issue a certificate of appealability.

Accordingly,

1. The findings and recommendations issued on May 9, 2023 (Doc. 15), are ADOPTED in full;
2. The Court GRANTS Petitioner's motion for a *Kelly* stay of claim five, and DENIES Petitioner's motion for a *Rhines* stay (Doc. 12);
3. The Court ORDERS Petitioner to file an amended petition, deleting unexhausted claims one through four, within **twenty-one (21) days** of service of this order;
4. The Court GRANTS Respondent's motion to dismiss Petitioner's unexhausted claims one through four (Doc. 11);
5. This action is stayed and held in abeyance pending exhaustion of state remedies;
6. Petitioner is DIRECTED to file a status report within 60 days of the date of service of this order, and then every 60 days thereafter. Following final action by the California Supreme Court, Petitioner is DIRECTED to notify the Court by filing a motion to lift the stay within 30 days of the date of the California Supreme Court's decision on his state habeas petition.

IT IS SO ORDERED.

    Dated:   April 2, 2024

                                                    _____
                                                    UNITED STATES DISTRICT JUDGE

3