UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL EDWARD TIMBERLAKE,<br><br>Petitioner,<br><br>v.<br><br>MARTINEZ,<br><br>Respondent. | No. 1:23-cv-00118-KES-FJS (HC)<br><br>ORDER GRANTING MOTION TO LIFT STAY<br>(ECF No. 35)<br><br>ORDER GRANTING MOTION FOR LEAVE TO FILE SECOND AMENDED PETITION FOR WRIT OF HABEAS CORPUS<br>(ECF No. 36)<br><br>ORDER REQUIRING RESPONDENT TO FILE A RESPONSE TO SECOND AMENDED PETITION FOR WRIT OF HABEAS CORPUS<br><br>ORDER SETTING BRIEFING SCHEDULE |

Petitioner is a state prisoner proceeding through counsel with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On April 3, 2024, the assigned district judge granted Petitioner's motion for a *Kelly* stay of claim five, denied Petitioner's motion for a *Rhines* stay, and ordered Petitioner to file an amended petition, deleting unexhausted claims one through four. (ECF No. 18.) The court further granted Respondent's motion to dismiss Petitioner's unexhausted claims one through four, stayed and held in abeyance this action pending exhaustion of state remedies, and directed Petitioner to file a motion to lift the stay within thirty (30) days of the date of the California Supreme Court's

decision on his state habeas petition. (*Id.*) On April 9, 2024, Petitioner filed a first amended petition, and status reports every 60 days thereafter. (ECF Nos. 19–30, 32–34.)

On June 24, 2026, Petitioner filed a motion to lift the stay and abeyance of the first amended petition for writ of habeas corpus, a motion for leave to file a second amended petition for writ of habeas corpus, and the second amended petition. (ECF Nos. 35–37.) On July 15, 2026, Respondent filed a notice of non-opposition to the motions to lift stay and file second amended petition but does not concede any defenses that may be applicable to the second amended petition. (ECF No. 38.) Given Respondent's notice of non-opposition, the motions are granted.

The court has conducted a preliminary review of the second amended petition. It is not clear from the face of the petition whether Petitioner is entitled to relief. 28 U.S.C. § 2243. Accordingly, pursuant to Rule 4 of the Rules Governing Section 2254 Cases and Rule 16 of the Federal Rules of Civil Procedure,[1] the Court HEREBY ORDERS:

1. Petitioner's motion to lift stay and abeyance, (ECF No. 35), is GRANTED;
2. Petitioner's motion for leave to file second amended petition for writ of habeas corpus, (ECF No. 36), is GRANTED;
3. Respondent SHALL FILE a RESPONSE[2] to the second amended petition within SIXTY (60) DAYS of the date of service of this order. *See* Rule 4, Rules Governing Section 2254 Cases; *Cluchette v. Rushen*, 770 F.2d 1469, 1473-1474 (9th Cir. 1985) (court has

---

[1] The Federal Rules of Civil Procedure "apply to proceedings for habeas corpus . . . to the extent that the practice in those proceedings (A) is not specified in a federal statute, the Rules Governing Section 2254 Cases, or the Rules Governing Section 2255 Cases; and (B) has previously conformed to the practice in civil actions." Fed. R. Civ. P. 81(a)(4). Rule 12 also provides "[t]he Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules." Rule 12, Rules Governing Section 2254 Cases.

[2] Rule 4 of the Rules Governing Section 2254 Cases provides that upon the court's determination that summary dismissal is inappropriate, the "judge must order the respondent to file *an answer or other pleading…or to take other action the judge may order*." Rule 4, Rules Governing 2254 Cases (emphasis added); *see also* Advisory Committee Notes to Rules 4 and 5 of Rules Governing Section 2254 Cases (stating that a dismissal may obviate the need for filing an answer on the substantive merits of the petition and that the Attorney General may file a Motion to Dismiss for failure to exhaust); *White v. Lewis*, 874 F.2d 599, 602-603 (9th Cir. 1989) (providing that motions to dismiss pursuant to Rule 4 are proper in a federal habeas proceeding).

discretion to fix time for filing a response). A response can be made by filing one of the following:

a. An ANSWER addressing the merits of the second amended petition. Respondent SHALL INCLUDE with the answer any transcripts or other documents necessary for the resolution of the issues presented in the petition. *See* Rule 5, Rules Governing Section 2254 Cases. Any argument by Respondent that Petitioner has *procedurally defaulted* a claim SHALL BE MADE in the answer but must also address the merits of the claim asserted.

b. A MOTION TO DISMISS the second amended petition. A motion to dismiss SHALL INCLUDE copies of all Petitioner's state court filings and dispositive rulings, if not already filed in response to the original petition. *See* Rule 5, Rules Governing Section 2254 Cases.

4. If Respondent files an answer to the second amended petition, Petitioner MAY FILE a TRAVERSE within <u>THIRTY (30) DAYS</u> of the date Respondent's answer is filed with the court. If no traverse is filed, the petition and answer are deemed submitted at the expiration of the thirty days.

5. If Respondent files a motion to dismiss the second amended petition, Petitioner SHALL FILE an OPPOSITION or STATEMENT OF NON-OPPOSITION within <u>TWENTY-ONE (21) DAYS</u> of the date Respondent's motion is filed with the court. If no opposition is filed, the motion to dismiss is deemed submitted at the expiration of the twenty-one days. Respondent MAY FILE a REPLY to an opposition to the motion to dismiss within <u>FOURTEEN (14) DAYS</u> after the opposition is served. After a reply is filed, or the time for filing a reply has expired, no additional memoranda, papers or other material may be filed without proper court approval except:

a. OBJECTION TO REPLY EVIDENCE. If new evidence has been submitted with the reply brief, the opposing party MAY FILE AND SERVE, no later than <u>SEVEN (7) DAYS</u> after the reply is filed, an objection to reply evidence stating its objections to the new evidence. The objection to reply evidence may not include

further argument on the motion.

b. NOTICE OF SUPPLEMENTAL AUTHORITY. Any party MAY FILE a notice of supplemental authority to bring the court's attention to a relevant judicial opinion issued published after the date that party's opposition or reply was filed. The notice of supplemental authority may contain a citation to the new authority but may not contain additional argument on the motion.

All motions shall be submitted on the record and briefs filed without oral argument unless otherwise ordered by the Court. Local Rule 230(l). Extensions of time will only be granted upon a showing of good cause. All provisions of Local Rule 110 are applicable to this order.

IT IS SO ORDERED.

Dated: **July 17, 2026**

UNITED STATES MAGISTRATE JUDGE